Montgomery *v.* Reynolds.

EXECUTORS of Robert Montgomery vs. THOMAS REYNOLDS.

A certiorari may be brought to remove a judgment obtained against four defendants, where it appears that the summons was served upon one, who alone appeared and made defence.

A general judgment against executors, is erroneous, and will be set aside.

A judgment had been obtained by Thomas Reynolds, against the executors of Robert Montgomery, deceased, in the court for the trial of small causes. It appeared from the transcript of the justice, that the constable had served the summons upon Newell alone, and returned, that the other defendants could not be found. Newell appeared, and made defence, and the justice rendered a general judgment against the defendants for debt and costs, which was removed into this court by writ of certiorari.

*Wall* moved to reverse the judgment, because it was rendered, generally, against the defendants who were executors. 1 *South.* 37ō. He insisted, that the proper mode of reviewing these proceedings was by writ of certiorari. The defendant, who appeared and made defence, might appeal, but the defendants who were absent, could not; and unless they could bring a writ of certiorari, they were without remedy against this unlawful judgment.

The opinion of the court was delivered by Justice Ford.

FORD, J. A summons issued against Garret D. Wall, Samuel C. Newell, James S. Debow and Joseph Taylor, executors of Robert Montgomery, deceased, in an action of debt, out of the court for trial of small causes, which the constable served upon Newell, but returned that the other defendants were not to be found; whereupon the plaintiff proceeded to judgment against the four defendants, in the *absence* of all but Newell, who appeared and made *defence.* The justice rendered a general judgment against them, which makes them personally liable for the debt, whether they have sufficient estate of the testator to pay it or not, instead of rendering a special judgment as the statute directs. *Rev. Laws* 175, *sec.* 6, for which reason it must undoubtedly be reversed, if a certiorari will lie in the names of

four defendants, one of whom appeared and made defence. If an appeal lies, a certiorari will not lie. *Rev. Laws* 796, *sec.* 1. But no appeal lies from a judgment rendered " *in the absence of the defendant.*" *Rev. Laws,* 640, *sec.* 36. Now, what class does a case of *four* defendants belong to, *one* of whom appeared and made defence, in the *absence* of the other *three?* It is evidently a mixed case, the principle of which seems to be fully settled in that of *Sheppard & Williams* v. *Fenton,* 4 *Halst.* 8. It was held not a judgment by default in that defendant, who *appeared,* and he was allowed an *appeal,* which of necessity must be in the names of both; but the other defendant, who did *not* appear, must be summoned and severed. And the converse stands on the same principle, that *he* in whose absence judgment was rendered, may bring a certiorari, which of necessity must be in the names of both, but the one who appeared must be summoned and severed, which has been done in this case by rule. Newell made defence, and his redress must be by appeal, the other three defendants were *absent,* and their redress must be by certiorari. Sheppard and Williams as joint dealers, could each act for both in matters of contract and commerce, as partners always may, but in legal proceedings it is otherwise; the attendance of one was not considered the actual attendance of the other. Now the case of executors is much more several in its nature, as each answers for the estate that came to his hands, but not for what came to the hands of his co-executor; and if the form of redress varies for joint dealers, according as each appeared and was absent, the reason for such variance is much stronger in the case of executors. Their only remedy in the present instance, was by certiorari, and the judgment below, being clearly erroneous, it must be reversed.

Judgment reversed.

QUESTIONED in *Pharo* v. *Parker,* 1 *Zab.* 333-753 ; CITED in *Apgar's adm'.* v. *Hiler,* 4 *Zab.* 809.